# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. CV19-1452-VBF-KESDate: March 12, 2019

Title: BRAULIO CASTELLON v. DIRECTOR OF CDCR

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER to Show Cause Why Claims Should Not Be Dismissed**

On February 25, 2019, Petitioner Braulio Castellon ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.) The Petition challenges Petitioner's October 2017 conviction per a plea of "nolo contendere" for crimes related to domestic violence.

Petitioner raises the following three claims:

> Ground One: "Application for Relief from Default Re Notice of Appeal," claiming ineffective assistance of counsel ("IAC") for counsel's failure to timely appeal his conviction;
>
> Ground Two: IAC at his preliminary hearing and in investigating witnesses; and
>
> Ground Three: IAC in the plea-bargaining process.

Per Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, the Court can summarily dismiss claims that lack merit. The Court orders

Petitioner to show cause (1) why the Petition should not be dismissed as unexhausted, and (2) why Grounds One and Two should not be dismissed for failing to state a ground on which federal habeas relief can be granted.

## I. LACK OF EXHAUSTION

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id.

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert. denied, 455 U.S. 1023 (1982).

Petitioner asserts that he did not directly appeal from his conviction because his attorney did not file a notice of appeal. (Dkt. 1 at 4.) Petitioner states that his claims were presented via a habeas petition to the California Court of Appeal in case no. B292666. (Id.) Per the California Courts online database, Petitioner filed this habeas petition on September 17, 2018. On October 29, 2018, the California Court of Appeal denied the petition.

Per the California Supreme Court's online records, he filed a habeas petition in the California Supreme Court on December 21, 2018, but that court has not yet issued a ruling. As a result, all his claims presently appear unexhausted.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district

court has discretion to stay a petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

Petitioner may show in writing why his Petition is exhausted, or he may move under Rhines to stay this habeas action while he exhausts his claims in state court, explaining why he satisfies all three requirements for a Rhines stay.

## II.     FAILURE TO STATE A CLAIM FOR RELIEF

### A.     GROUND ONE

In Ground One, Petitioner argues that his attorney let the deadline for filing a notice of appeal pass without doing so, although he asked her to do so. (Dkt. 1 at 10.) He contends that he did not discover this until January 2018, because he reads at only a fourth-grade level. As a remedy, he appears to be requesting an order from this Court that would reinstate his direct appeal.

If Petitioner's claim is that the California Court of Appeal erred by failing to accept his attorney's negligence as a basis for excusing him from the California laws governing the timing of appeals, then Petitioner is not asserting a federal claim.

If Petitioner's claim is that his attorney was constitutionally ineffective for failing to file a timely notice of appeal, then his claim lacks merit. California Penal Code § 1237.5[1] and Rule 8.304(b) of the California Rules of Court require a defendant who has pleaded guilty or no contest to a charge to obtain a certificate of probable cause to appeal in order to challenge the validity of the plea. If Petitioner's attorney sought to obtain the certificate of probable cause from the trial court but was denied, then failure to appeal would not render trial counsel constitutionally ineffective—unless the basis of his appeal fell under one of the Rule 8.304(b)(4) exceptions (i.e., appeals based on the denial of a

---

[1] Cal. Penal Code § 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

motion to suppress evidence or for grounds that arose after the entry of the plea and do not affect the validity of the plea.)

If Petitioner's claim is that his attorney was constitutionally ineffective for failing to file a statement of reasonable grounds for appeal with the trial court (in order to obtain a certificate of probable cause to appeal), then Petitioner should explicitly plead this claim and support it with facts. Petitioner should also indicate whether counsel made an effort to instruct Petitioner on filing the § 1237.5 statement of reasons himself or to procure other counsel. See People v. Ribero, 4 Cal.3d 55, 65 (1971) ("When a defendant makes a timely request of his trial attorney to file an appeal from a judgment upon a plea of guilty, the attorney must file the 1237.5 statement, instruct defendant how to file it, or secure other counsel for him.").

An attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores–Ortega, 528 U.S. 470, 477 (2000). The Ninth Circuit has held that it is per se ineffective assistance of counsel for an attorney to refuse to file a notice of appeal when her client instructs her to file one, even if the client waived his right to appeal and the appeal might wind up disadvantaging the client. United States v. Sandoval–Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). The Ninth Circuit has equated the filing of a § 1237.5 statement of reasons with the filing of a notice of appeal. Jones v. Henry, 460 F. App'x 717, 721 (9th Cir. 2011) ("It is clearly established that the failure to follow a client's request to file a notice of appeal is per se ineffective. [Citations.] Where, as here, that failure actually causes the forfeiture of defendant's appeal, there is also per se prejudice.").

Therefore, Petitioner should show that his ground for relief has merit by indicating whether his counsel was denied a certificate of probable cause by the trial court or never sought the certificate (i.e., she never filed a statement of reasons per § 1237.5.) Petitioner should also describe the grounds he intended to raise on direct appeal.

### B. GROUND TWO: Tollett Bar

In Ground Two, Petitioner argues that his attorney provided ineffective assistance at or before his preliminary hearing. (Dkt. 1 at 11-12.) He contends that if his attorney had carefully reviewed the police reports and interviewed the victim, Ms. Gonzales, then his attorney would have discovered inconsistencies that diminished Ms. Gonzales's credibility.

In California, a nolo contendere plea is "considered the same as a plea of guilty" and, as to felonies, has the same legal effect as a guilty plea "for all purposes." Cal. Pen.

Code § 1016; see also United States v. Anderson, 625 F.3d 1219, 1220 (9th Cir. 2010); Lott v. United States, 367 U.S. 421, 426 (1961). "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." Mitchell v. Superior Court, 632 F.2d 767, 769 (9th Cir. 1980). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea…." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Therefore, many pre-plea grounds for federal habeas relief are foreclosed by Tollett.

To state a claim for ineffective assistance of counsel arising from events preceding his plea, Petitioner must meet the two-prongs set forth in Strickland v. Washington: (1) unreasonable attorney performance, and (2) resulting prejudice. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (citing Strickland, 466 U.S. 668 (1984)). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id. at 59.

Therefore, to state a claim for ineffective assistance of counsel predicated upon events preceding his plea, Petitioner must set forth facts showing that he meets the two Strickland prongs; specifically, Petitioner must set forth facts showing that adequate investigation would have changed counsel's plea recommendation.

### III. DISPOSITION.

On or before **April 10, 2019**, Petitioner may discharge this Order to Show Cause as follows:

1. To address exhaustion, Petitioner should do one of the following:

   a. Move for a Rhines stay, addressing the standard set forth above; or

   b. File a brief arguing that he has exhausted his claims. If the California Supreme Court rules on Petitioner's habeas petition before April 10, 2019, then Petitioner should file a notice so stating.

2. To address the failure to state a claim, Petitioner should do one of the following:

    a. File a First Amended Petition, remedying the defects described above; or

    b. File a brief arguing that the Petition does state a claim for federal habeas relief.

　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk <u>JD</u>